UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-52 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DAVID JESS MILLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING THE MOTIONS TO DISMISS
OF DEFENDANTS MILLER, MINNESOTA INDEPENDENT COOERATIVE,
AND MIHRAN STEPANYAN (Docs. 48, 50)**

This criminal case is before the Court on the motions to dismiss the indictments of Defendants David Jess Miller, Minnesota Independent Cooperative ("MIC") (Doc. 48) and Mihran Stepanyan (Doc. 50) for failure to grant speedy trials, and the parties' responsive memoranda (Docs. 53, 54, 55).[1]

### I. BACKGROUND FACTS AND PROCEDURAL POSTURE

Defendants Miller and MIC appeared in this District for initial appearance on May 12, 2015. (Docs. 11, 13). Defendant Mihran Stepanyan appeared here on July 14, 2015 (Doc. 23), and Defendant Artur Stepanyan appeared here on October 29, 2015 (Doc. 41). All Defendants made appearances in the Northern District of California ("NDCA") on separate charges prior to making appearances in the Southern District of Ohio ("SDOH").

Following his appearance in the NDCA on June 8, 2015, Artur Stepanyan was in custody there and required to attend a series of court hearings. (NDCA Doc. 128). The

---

[1] Defendant Artur Stepanyan did not file a motion to dismiss.

NDCA held a bond hearing on June 18, 2015 at which Artur Stepanyan was remanded to the custody of the U.S. Marshal. (*Id.*, Doc. 148). On July 9, 2015, Artur Stepanyan was arraigned in the NDCA on a superseding indictment. (*Id.*, Doc. 163). On July 10, 2015, the NDCA held another bond hearing and Artur Stepanyan was again remanded to the custody of the U.S. Marshal. (*Id.*, Doc. 174). After Artur Stepanyan appealed the Magistrate Judge's denial of bond, the District Court held a hearing on July 23, 2015 and ordered Artur Stepanyan released on bond. (*Id.*, Doc. 216). Following his release from pretrial detention, Artur Stepanyan was taken into custody by the Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"). (*Id.*, Doc. 251). On August 14, 2015, the United States obtained a *Writ of Habeas Corpus Ad Prosequendum* requiring Artur Stepanyan's appearance in the SDOH by September 24, 2015. (Doc. 26). The NDCA had previously scheduled a status conference for September 25, 2015 and ordered all Defendants to appear unless they waived appearance. (Doc. 52 at 3). Artur Stepanyan did not waive his appearance at that status conference. (*Id.*) To avoid making Artur Stepanyan unavailable for the required hearing in the NDCA, the United States sought and obtained an amended writ requiring his appearance on October 29, 2015. (Doc. 30).

On September 16, 2015, Artur Stepanyan was released from ICE custody. (NDCA, Doc. 266). After his release, the Government communicated with his attorney by telephone and email in an attempt to schedule his appearance earlier than October 29, 2015. (Doc. 52, Ex. 3). Artur Stepanyan's attorney objected to an earlier date, citing

2

extensive work, travel, and other conflicts. (*Id.*) On October 29, 2015, Artur Stepanyan appeared in this District. (Doc. 41).

Since more than seventy days have passed since Miller, MIC, and Mihran Stepanyan made their initial appearances, they maintain that they have made a *prima facie* showing that the Government has violated the Speedy Trial Act ("STA"). The Government argues that the 167-day delay between Defendants Miller and MIC's initial appearance on May 14, 2015 and Artur Stepanyan's initial appearance on October 29, 2015 is excludable under the STA's codefendant exception. 18 U.S.C. § 3161(h)(6).

## II. STANDARD OF REVIEW

The STA mandates that "a defendant be brought to trial within seventy days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever is later." 18 U.S.C. § 3161(c). An indictment must be dismissed if a criminal defendant is not tried within the time allowed by the STA. 18 U.S.C. § 3162(a)(2). However, the STA contains numerous provisions permitting the tolling of the 70-day period. 18 U.S.C. § 3161(h).

"The defendant shall have the burden of proof of supporting such motion [to dismiss the indictment based on a violation of the Act]." 18 U.S.C. § 3162(a)(2).[2] In this case, Defendants have carried their initial burden by setting forth multiple periods of what they claim is non-excludable time, totaling 167 days, well over the 70-day limit.

---

[2] *See also United States v. Murphy*, 241 F.3d 447, 453-54 (6th Cir. 2001) (the defendant raising a STA violation bears the burden of proof).

"Once the defendant establishes a *prima facie* case that the government [has] violated the [Speedy Trial] Act (a simple matter of producing a calendar and showing that more than seventy days have passed since the indictment (or first appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence." *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir. 1996) (citing *United States v. Mentz*, 840 F.2d 315, 324-26 (6th Cir. 1988)).

### III.  ANALYSIS

Defendants argue that their indictments should be dismissed under both the STA and the Sixth Amendment for failure to grant a speedy trial.

#### A.  Speedy Trial Act Violation

When multiple defendants are charged in an indictment and no motion for severance has been granted, there is only one speedy trial clock. *See* 18 U.S.C. § 3161(h)(7)[3]; *United States v. Cope*, 312 F.3d 757, 776-77 (6th Cir. 2002). The speedy trial clock does not commence until the last codefendant has appeared in the district of prosecution. *United States v. Pelfrey*, 822 F.2d 628, 634 (6th Cir. 1989). "The excludable delay of one defendant is ascribed to that of all of his codefendants." *United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 1990).

##### 1.  *Reasonableness Requirement*

Defendants argue that "[a]ttribution of the excludable delay of one codefendant to another codefendant is not, however, automatic; rather, the period of delay must be

---

[3] 18 U.S.C. Section 3161 was amended in 2008 and Section 3161(h)(7) was renumbered as Section 3161(h)(6).

reasonable." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007) (citing *Henderson v. United States*, 476 U.S. 321, 326-27 (1986)). "'In determining whether the delay attributable to a co-defendant is reasonable, courts are guided by the purpose Congress intended to serve when it enacted section 3161(h)[(6)].'" *United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990) (quoting *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987)). That Congressional purpose was to ensure "that [the STA did] not alter the present rules of severance of codefendants by forcing the Government to prosecute the first defendant separately or [] be subject to a speedy trial dismissal motion under Section 3161." S. Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974). That purpose is particularly clear given the "strong Congressional preference in joint trials and [the] intention that delays attributable to the joinder of defendants be liberally excluded." *Culpepper*, 898 F.2d at 68 (quoting *Monroe*, 833 F.2d at 100).[4]

Defendants argue that the Government has failed to evidence that the delay was reasonable and therefore it is not excludable from the speedy trial calculation. However, the delay in securing Defendant Artur Stepanyan's appearance in the SDOH was reasonable because he was in custody in another federal district where he was required to attend court hearings. He was also in ICE custody for more than seven weeks

---

[4] "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). *See also United States v. Novak*, 715 F.2d 810, 814 (3rd Cir. 1983) (examining the legislative history of subsection (h)(7) and finding "a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded").

while the Department of Homeland Security attempted to remove him from the country. Guided by the purpose of the STA, there is a strong preference that Artur Stepanyan be prosecuted with his co-defendants.

### 2. Motion for Severance

In fact, this Court is not even required to perform a reasonableness analysis, because in order for a defendant to invoke the reasonableness requirement of § 3161(h)(6), the defendant must first make and be denied a motion to sever. *See, e.g., United States v. Vasquez*, 918 F.2d 329 (2d Cir. 1990).[5] In *Vasquez*, the circuit court concluded that there was no need to conduct a reasonableness inquiry where the complaining party had not filed a motion to sever. *Id.* at 334-37. The court noted that requiring a defendant to make a motion for severance in order to benefit from the reasonableness limitation of subsection (h)(6) harmonized with the "congressional intent of avoiding waste of resources on unnecessary severances and separate trials." *Id.* (quoting *United States v. Rush*, 738 F.2d 497, 503 (1st Cir. 1984)).[6]

---

[5] *See also Culpepper*, 898 F.2d at 66-67 [6th Cir. 1990] ("Culpepper, having failed to petition for severance, cannot, at this late date, seek to evade the requirements of § 3161(h)(7)").

[6] Defendants maintain that the Second Circuit's holding in *Vasquez* is contrary to the plain language of the statute and should be rejected; and this Court should follow jurisdictions that have found that, regardless of whether a defendant moves for a severance, unreasonable codefendant delays are not excludable, *See, e.g., United States v. Tanner*, 941 F.2d 574, 580-81 (7th Cir. 1991) (holding that only reasonable codefendant delays are excluded even if no motion for severance is filed), *cert. denied*, 502 U.S. 1102 (1982); *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) (holding that a motion for severance is not required to invoke reasonableness requirement of codefendant exception). However, the Sixth Circuit has not followed this line of reasoning.

As explained in *Vasquez*, the severance requirement serves two purposes: (1) to alert the trial court of a defendant's claim of speedy trial prejudice and (2) to eliminate the potential that a defendant may consent to unreasonable pretrial delays of a codefendant and then subsequently seek the "reasonableness" protections of the STA. *Id.* at 337. "A defendant's failure to move for severance, or otherwise to pursue a speedy trial in the district court, can undermine prejudice allegations made on appeal." *Franklin*, 148 F.3d 451, 457 (5th Cir 1998).

Here, Defendants have stood silent during months of delay and cannot now, at the eleventh hour, complain that the delay was unreasonable.

### B. Sixth Amendment Violation

In addition to a criminal defendant's rights under the STA, the Sixth Amendment guarantees "the right to a speedy and public trial." U.S. Const. Amend. VI.[7] Whether there has been a violation of the constitutional right to a speedy trial is a fact-intensive inquiry requiring the balancing of "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay,

---

[7] *See also Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967) (holding that "the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment").

whether, in due course, the defendant asserted his right to a speedy trial,[8] and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992).

The Supreme Court has identified three factors a court should consider when determining actual prejudice in speedy trial cases: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 532 (1972). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* at 530. A presumption of prejudice is not automatically triggered in every case where there is a delay. *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). *See, e.g., Darnell v. Berry*, No. 98-5494, 1999 U.S. App. LEXIS 152625, at *5 (6th Cir. July 8,

---

[8] Until now, Defendants have never made their interest in a speedy trial known to the Court. *Barker v. Wingo*, 407 U.S. 514, 532 (1972) ("failure to assert the right [to a speedy trial] will make it difficult for a defendant to prove that he was denied a speedy trial."). Defendants argue that they asserted their right to a speedy trial by requesting bail and filing this pretrial motion to dismiss. *Maples v. Stegall*, 427 F.3d 1020, 1029 (6th Cir. 2005) ("The Sixth Circuit recognizes a request for bail as the functional equivalent of the request for a speedy trial."). However, in *Maples*, the defendant requested a speedy trial multiple times: (1) in two separate motions for bond where he expressly complained about the delay; (2) a *pro se* letter complaining about the delay; (3) a *pro se* motion to dismiss; and (4) a request that the matter be severed. *Id.* at 1029. Accordingly, simply requesting bail is not necessarily analogous to requesting a speedy trial.

1999) (18-month delay not presumptively prejudicial). [9] Given the fact that this case was declared complex (Doc. 51), a 167 day delay is not presumptively prejudicial. [10] Therefore, there is no Sixth Amendment violation. [11]

### IV. CONCLUSION

Accordingly, Defendants' motions to dismiss (Docs. 48, 50) are **DENIED**. [12]

**IT IS SO ORDERED.**

Date: 12/18/15
                                         *s/ Timothy S. Black*
                                         Timothy S. Black
                                         United States District Court

---

[9] *See also United States v. Cook*, No. 98-5457, 1999 U.S. App. LEXIS 10645, at *3 (6th Cir. May 20, 1999) (16-month period attributable to the government was not presumptively prejudicial); *United States v. Love*, No. 96-6224, 1997 U.S. App. LEXIS 27928, at *17 (6th Cir. Oct. 6, 1997) (17-19 month delay attributable to the government was significant but sufficiently rebutted because the government proved delay did not impair defendant's defense).

[10] *See, e.g., Cope*, 312 F.3d at 778 ("Although an eight-month-and-three-week delay is substantial, it is not presumptively prejudicial in a case of this seriousness and complexity.").

[11] Even if the Court analyzes the *Barker* factors, they favor the Government. There is no "oppressive pretrial incarceration" because all of the Defendants are out on bond. Additionally, the duration of the delay here is relatively short considering that the matter involves multiple defendants and co-conspirators charged in multiple jurisdictions. Less than six months passed between Miller and MIC's appearance in this district and the appearance of Artur Stepanyan, and less than four months passed between Mihran Stepanyan's appearance and Artur Stepanyan's appearance. During that time, the United States provided substantial discovery to counsel in an effort to ensure that all parties would be prepared for trial in a timely manner. *See United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984) (finding a 144-day delay between the arraignment of one co-defendant and another was not unreasonable where the co-defendant was transferred to another federal jurisdiction to face separate charges and then transferred back, noting the defendant's failure to move to sever and failure to show substantial prejudice).

[12] Since the speedy trial clock began the day after Defendant Artur Stepanyan was arraigned (October 30, 2015), and was stopped on November 12, 2015 as a result of the Government's motion to declare the action complex (Doc. 44), only 14 days of the speedy trial calendar have been used.